FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 JAN 15 PM 3: 35
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLEVELAND MCQUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-133 |
| | ) | |
| WARDEN SCOFIELD, in his individual and official capacities as Chief Administrator of Augusta State Medical Prison, et al., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison located in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

# I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) FNU Scofield, Chief Administrator of Augusta State Medical Prison ("ASMP"); (2) FNU Tucker, Officer, ASMP; (3) FNU Sinkfar, Officer, ASMP; (4) FNU Smith, Officer, ASMP; (5) FNU Derdan, Officer, ASMP; (6) FNU Green, Officer, ASMP; (7) FNU Carter, Officer, ASMP; (8) FNU McMillan, Officer, ASMP; (9) FNU Llanas, Officer, ASMP; and (10) FNU Pleze, Officer, ASMP. (Doc. no. 1, pp. 1 & 4). Plaintiff submits that Defendants violated his constitutional rights by subjecting him to excessive force and providing inadequate medical care. (Id. at 5-6).

Plaintiff alleges that, in January 2002, there was a "disturbance" in "Unit 12-A-2 BMU Programme" ("Unit 12-A-2") and that Defendants knew "the problem and disturbance was located in [Unit 12-A-2]." (Doc. no. 1, p. 5). According to Plaintiff, members of the "Cert Team Unit" were sent into Unit 12-A-2 to use excessive measures, resulting in serious injuries to prisoners. (Id.). Plaintiff maintains that Defendant Scofield observed the incident and that prisoners filed grievances and appeals about the incident. (Id.).

Plaintiff further alleges that there were no problems in "Unit 12-B," where he was housed. (Id.). Plaintiff contends that, as a result of the incident in Unit 12-A-2, the "Tach Squad" was dispatched to "Unit 12-B." (Id.). Plaintiff maintains that, on January 9, 2002 while he was using the restroom, Defendants Sinkfar, Smith, Derdan, Green, Carter, and McMillan assaulted him. (Id. at 6). According to Plaintiff, Defendants refused to provide medical treatment after the alleged assault. (Id.). Plaintiff submits that, as a result of the alleged assault, he suffers from permanent spinal cord damage, partial paralysis in both legs,

headaches, and other psychological trauma. (Id.). As relief, Plaintiff seeks $100,000,000 in damages from each Defendant, an injunction, and "such additional relief as this Court may deem just and proper." (Id. at 7).

## II. DISCUSSION

Plaintiff's complaint refers to incidents dating back to 2002. However, Plaintiff did not file the above-captioned complaint until October 2007, approximately five (5) years after the alleged incident. Claims brought pursuant to 42 U.S.C. § 1983 are subject to dismissal under the applicable two-year statute of limitations in Georgia. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under 42 U.S.C. § 1983, federal law determines the date of accrual. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under 42 U.S.C. § 1983, claims accrue when: (1) the plaintiff knows or has reason to know that he or she was injured, and (2) the plaintiff is aware or should be aware of who inflicted the injury. Rozar, 85 F.3d at 562 (citing Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)).

In this case, all of the events described in Plaintiff's complaint occurred more than two (2) years before the date he filed the above-captioned complaint. Furthermore, based upon Plaintiff's statement of claim, and other information contained in the above-captioned complaint, it appears that Plaintiff knew about his alleged injuries and the identity of the parties he believes to be responsible for his alleged injuries in 2002. (See doc. no. 1). As such, Plaintiff's claims are clearly time-barred by the applicable statute of limitations. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

3

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 15th day of January, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE