IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CLEVELAND MCQUEEN,                     )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      CV 107-133
                                       )
WARDEN SCOFIELD, in his individual     )
and official capacities as Chief       )
Administrator of Augusta State Medical )
Prison, et al.,                        )
                                       )
            Defendants.                )

---

## O R D E R

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation ("R&R"), to which objections have been filed.

The Magistrate Judge recommended that the above-captioned case be dismissed for

failure to state a claim upon which relief may be granted.[1] (Doc. no. 8). Candidly, Plaintiff

concedes that his claims are subject to dismissal under the applicable two-year statute of

---

[1]Specifically, the Magistrate Judge recommended dismissal of this case because, although the above-captioned complaint refers to incidents dating back to 2002, Plaintiff did not file it until October 2007, well after the applicable two-year statute of limitations had expired. (Doc. no. 8, pp. 3-4).

limitations. (Doc. no. 12, p. 4). Nevertheless, Plaintiff objects to the R&R, contending that the applicable two-year statute of limitations should be tolled because, *inter alia*, he was physically prohibited from pursuing this action due to the events forming the basis of the above-captioned complaint.[2] (Id.).

Plaintiff's objections are without merit. As the Magistrate Judge correctly noted, state law determines the applicable statute of limitations period for claims brought pursuant to 42 U.S.C. § 1983. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 661 F.2d 1129, 1130 (5th Cir. 1980). In this regard, O.C.G.A. §§ 9-3-90 and 9-3-91, "allow only mental, *and not physical*, disability to toll the [applicable two-year statute of limitations]." Phillips v. Adams, 436 S.E.2d 567, 568 (Ga. App. 1993) (quoting Chapman v. Burks, 357 S.E.2d 832, 836 (Ga. App. 1987) (emphasis added)); see also Anglin v. Harris, 534 S.E.2d 874, 878 (Ga. App. 2000) ("The sort of physical pain and discomfort described by [the plaintiff] in the instant case, while perhaps very real, are not the mental incapacity contemplated by [O.C.G.A. § 9-3-90].");  Whisnant v. Coots, 337 S.E.2d 766, 767 (Ga. App. 1985) ("Neither former Code § 3-801, nor OCGA § 9-3-90, nor any other statute characterizes physical, as opposed to mental, incapacity as a legal disability which will toll the state of limitation for bringing a lawsuit."). Here, Plaintiff alleges that, as a result of the events forming the basis of the above-captioned complaint, "[he] was prohibit[ed] physically in [his] efforts to pursue [his] legal remedies as [they] relate to the injuries sustained from

---

[2]Plaintiff alleged, *inter alia*, that Defendants Sinkfar, Smith, Derdan, Green, Carter, and McMillan used excessive force against him on January 9, 2002, and then denied him medical care, resulting in permanent physical injuries and psychological trauma. (Doc. no. 1, p. 6).

the incident that occurred in 2002." (Doc. no. 12, p. 4). Plaintiff also contends, "He was further hindered in that [he] was constantly being transferred from one institution to another." (Id.). Plaintiff does not claim that he was mentally incapacitated, and thus, he has failed to demonstrate that the applicable two-year statute of limitations should be tolled in this case.

In conclusion, the R&R is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action shall be **CLOSED**.

SO ORDERED this 13 day of March, 2008, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE